ROGERS *vs.* ROGERS.*

1. The publication and service of the order upon an absent defendant, instead of a notice, as required by Rule 145, after May first, 1867, is a formal objection; in this case it was waived upon the production of additional proof to remove substantial objections.

2. It must clearly appear that the notice was sent to the defendant's post office address. That the solicitor was informed that the address to which it was sent was the defendant's address, without stating the source of information, or that he was *credibly* informed, and "verily" believes, is not sufficient.

3. Absence from the wife for three years, is not necessarily desertion in the legal sense of the term. The circumstances and manner of the desertion must be shown, that the court may determine the intent.

---

* CITED *in Dinsmore* v. *Westcott,* 10 *C. E. Gr.* 304; *Tate* v. *Tate,* 11 *C. E. Gr.* 56.

The petitioner filed her petition in this court for a divorce, on the ground of desertion; her husband having left her, and absented himself for three years. It appearing by affidavit, that the husband was out of the state, she took an order of publication. A copy of this order, instead of the notice required by Rule 145, was sent to Charleston. An affidavit was filed by the solicitor, stating that he had been "informed" that Charleston was his post office address. The circumstances and manner of the desertion did not appear.

*Mr. Mockridge*, for petitioner, *ex parte*.

THE CHANCELLOR.

1. The publication and service is of the order, and not of a notice, as required by Rule 145, after May first, 1867.

2. The notice was sent to Charleston, but it does not sufficiently appear that this was defendant's post office address. The fact that the solicitor was so informed, without stating the source of information, or that he was *credibly* informed, and " verily " believed, is not sufficient.

3. It is clearly proved that defendant left his wife and stayed away three years.

These facts may exist, and yet there be no desertion in the legal sense of the term. Many of our naval officers are off on a three years' cruise. This is no cause of divorce.

The circumstances and manner of the desertion must be shown, that the court, and not the witnesses, may determine whether the defendant intended to abandon his wife, and when such abandonment commenced.

If the second and third grounds of refusal are removed by additional proof, the first, being merely formal, will be waived.